IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>TERRI HARRIS and VICKI BROACH,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [6] REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-276-DN-EJF<br><br>District Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

The Report and Recommendation[1] issued by United States Magistrate Judge Evelyn J. Furse on July 14, 2017 recommends that Plaintiff's civil action be dismissed for lack of subject matter jurisdiction and improper venue or, in the alternative, that an Order to Show cause be issued instructing Plaintiff to specify why jurisdiction should be exercised here, why proper venue lies in Utah, and why res judicata does not bar Plaintiff's Claims. Plaintiff timely filed a document bearing the title Objection to the Magistrate Judge Report and Recommendation[2] on July 28, 2017.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[3]

---

[1] Report and Recommendation: Dismiss case for Lack of Subject Matter Jurisdiction and Improper Venue, docket no. 6, filed July 14, 2017.

[2] Objection to the Magistrate Judge Report and Recommendation, docket no. 7, filed July 28, 2017.

[3] 28 U.S.C. § 636(b).

Although styled as an objection, Plaintiff's filing is not sufficient. The Report and Recommendation specified that "Mr. Green fails to provide sufficient allegations to establish the Court's diversity jurisdiction"[4] and that "Mr. Greene's Complaint failed to identify any federal law, treaties, or constitutional issue that would grant the Court federal jurisdiction over his action."[5] Additionally, the Report and Recommendation noted that "Mr. Greene's Complaint fails to establish any of the three scenarios in which the District of Utah would hold proper venue[] [u]nder 28 U.S.C. § 1391(b)."[6]

Plaintiff's objection is entirely unresponsive to these fundamental subject matter jurisdictional issues. Instead, Plaintiff claims that these jurisdictional questions are irrelevant because "all parties [have] waived jurisdiction." This type of waiver, however, is impossible because "subject-matter jurisdiction . . . involves a court's power to hear a case, [and] can never be forfeited or waived."[7]

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[8] The Report and Recommendation fulfilled this obligation and Plaintiff failed to respond in any meaningful way to the determination that subject matter jurisdiction is lacking. The analysis and conclusion of the Magistrate Judge are correct. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[9] is adopted.

---

[4] Report and Recommendation at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630, (2002)).

[8] *Id.*

[9] Report and Recommendation: Dismiss case for Lack of Subject Matter Jurisdiction and Improper Venue, docket no. 6, filed July 14, 2017.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[10] is ADOPTED and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk shall close the case.

Signed February 2, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[10] Report and Recommendation: Dismiss case for Lack of Subject Matter Jurisdiction and Improper Venue, docket no. 6, filed July 14, 2017.